## H. G. BIDWELL AND WIFE *v.* A. B. ROWE AND WIFE.

**Deeds—Joint Tenancy of Widow and Children.**

Where a conveyance was made to a widow as the wife of the deceased husband, it was held that she took as an ordinary grantee, and not as a widow, and can claim under the deed only as joint tenant with her children.

APPEAL FROM OHIO CIRCUIT COURT.

January 21, 1873.

Opinion by Judge Lindsay:

As Bidwell and wife refuse to abide by the division of the lands by which Mrs. Rowe and the two brothers were to take the home farm of 200 acres and pay a difference of $500 and insist on having their full interest allotted them, they were properly required to refund the $83 paid them under the agreement.

And as they will not comply with their contract to allow Thomas an advantage of $1,000 in the division of the lands to compensate him for taking care of the "old folks," the court properly required them to comply with their contract by paying their proportion of the $1,000 in money.

The court had full power and acted properly in refusing to annul the contract, although they could not be compelled to surrender title to their land.

We are, however, of opinion that the court was in error in holding that Mrs. Rowe owned in fee one-third of the 226 acres conveyed to her and her children by Brown and wife. This deed was executed after the adoption of the Revised Statutes, and not under such a state of case as raised a resulting trust in her favor on account of the payments made by her for the land.

By the plain language of the deed she can not hold in fee more than one-sixth of the land. It is insisted that as the conveyance was made to her as the wife of Robert Render, deceased, she takes as widow and not as an ordinary grantee. We do not concur in this conclusion, but are satisfied that she can claim under the deed only as a joint tenant with her children. For this reason the judgment is reversed and the cause remanded for a partition of the lands allotted to Mrs. Rowe and the appellants upon this basis, instead of that adopted by the circuit court.

The court properly refused to disturb the allotment as to the remaining children.

*Wintersmith, for appellants.*

*McHenry, for appellees.*